UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE HUBBELL, | : | |
|     Plaintiff, | : | |
| | : | No. 3:17-CV-01311 (VLB) |
| v. | : | |
| | : | |
| STUDENT TRANSPORTATION OF | : | February 16, 2019 |
| AMERICA, INC, | : | |
| STA OF CONNECTICUT, INC., | : | |
|     Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION TO AMEND [DKT. 46]

Plaintiff filed her original complaint in August 2017. She asserted one claim for illegal interference in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), arising out of her employment with Defendants as a bus driver and their alleged failure to provide her with disability accommodations. *See* [Dkt. 1 (Compl.)]. Discovery closed December 28, 2018, and dispositive motions are due March 20, 2019. Before the Court is Plaintiff's motion to amend her Complaint to add a state tort defamation claim. *See* [Dkt. 46 (Mot. Am. Compl.)].

The deadline to amend under the Scheduling Order was October 13, 2017, and Plaintiff seeks leave from the Court to deviate from that deadline. Accordingly, Plaintiff must show good cause for amending at this stage and that the Court should grant leave to amend pursuant to Rule 15.

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend pleadings when justice so requires. However, amendment will not be allowed when it would be futile. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "[L]eave to amend will be denied

1

as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss." *Id.* Here, amendment would be futile because the Court would not have subject matter jurisdiction over the proposed new claim, as explained below. As a result, the Court need not address the parties' arguments as to good cause.

This Court has original subject matter jurisdiction over Plaintiff's existing claim because it presents a federal question—it asserts a claim under the FMLA, a federal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff now seeks to assert a state law claim. In order for the Court to have jurisdiction over the new state law claim it must satisfy the requirements for supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. 1367(a). Thus, a court may exercise supplemental jurisdiction only over state law claims arising from the same case or controversy as the federal claim. For purposes of § 1367, "claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). Accordingly, exercise of supplemental jurisdiction is appropriate where the state and federal claims arise out of approximately the same set of events. *Id.*

Plaintiff's FMLA interference claim arises from her employment with Defendants from November 2012 through January 15, 2016, when she was terminated. [Dkt. 1 at ¶¶ 9-10]. Plaintiff claims that her employer terminated her because of absences which were protected under the FMLA due to her migraine headache condition. *Id.* at ¶ 31. Plaintiff further claims that Defendants terminated her on the date she submitted a form supplied by her employer qualifying her to take FMLA leave. In summary, Plaintiff claims her employer interfered with her rights to take FMLA leave. *Id.* at ¶¶ 11-32.

Plaintiff's proposed defamation claim relates to statements made by her former supervisor at STA, Marie Illingworth, in an email sent to Paul Freeman, the Superintendent of Guilford Public Schools, on March 16, 2018, more than six months after she filed this action. [Dkt. 46 (Mot. Am.) at 2-3; Dkt. 47 (Opp'n Mot. Am.) at 1-2]. In the email, Illingworth stated " . . . Michelle Hubbell she was fired with her union not being able to help her – she worked 60 days of the 180 days (extreme attendance problem) tried to sue company because she thought it was unfair to let her go (even though again their union would not represent her . . ." [Dkt. 46-1 (Mot. Am., Ex. A, Am. Compl.) at ¶ 38]. Plaintiff argues that these statements are false and defamatory per se "in that it charges Plaintiff with improper conduct or lack of skill or integrity in one's profession." *Id.* at ¶¶ 39-40. She further argues that the statements were made with malice, as evidenced by the fact that they were made after Plaintiff had sued Defendants in this action and knowing they would negatively impact Plaintiff's ability to work because it resulted in Plaintiff being placed on a Town of Guilford "do not hire" list. *Id.* at ¶¶ 44-45.

Plaintiff's existing FMLA interference claim concerns the facts surrounding her employer's obligation and alleged failure to provide her with information regarding FMLA

leave from 2013 to 2016. Plaintiff's proposed new claim arises from events which occurred two years later and after this case was filed, and thus arises out of a separate nucleus of fact than her defamation claim. Even those facts brought into issue by the statements in the email which relate back to the FMLA claim's relevant time period—how many days of work Plaintiff missed, why she was fired, and her union's willingness to represent her—are not central to the FMLA interference claim. While the facts giving rise to both claims may overlap nominally, the two claims arise from separate events occurring years apart. District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). As the retaliation and defamation claims are unrelated, the court lacks supplemental jurisdiction over the defamation claim.

This conclusion is further supported by the contrast between the proof required to establish each claim. Plaintiff's defamation claim would require totally separate and distinct proof. "Although defamation claims are rooted in the state common law, their elements are heavily influenced by the minimum standards required by the first amendment. . . . At common law, to establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Crismale v. Walston*, 184 Conn. App. 1, 9, 194 A.3d 301, 308 (2018) (quoting *Gleason v. Smolinski*, 319 Conn. 394, 430-32, 125 A.3d 920, 947 (2015)) (internal brackets omitted). While the content of the email may support a conclusion that

Defendants intended to deny Plaintiff FMLA benefits, the proof Plaintiff must offer to establish a defamation claim is not what is required to establish her FMLA interference claim.

The temporal discontinuity of the claims further supports the conclusion that the claims are unrelated and that Rule 15's liberal amendment allowance was not intended for a situation such as this. The claim proposed to be added concerns a March 2018 email which Plaintiff received via third-party discovery several months ago. Allowing Plaintiff to amend her complaint to add this after-acquired claim would be contrary to the fundamental principle that Rule 15(a) be employed in a way that is consistent with the philosophy favoring finality. *Cf. Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (quoting 6 C. Wright et al., Fed. Prac. & Proc. § 1489 (2d ed.1990)). Were courts to allow parties to amend their complaints to assert claims for conduct occurring after litigation, which by definition is adversarial, it is conceivable that litigation could continue indefinitely. This is not the intent of Rule 15. The clear purpose gleaned from a reading of the Rule, the commentary, advisory notes, and cases interpreting and applying the Rule is that courts should not exalt form over substance. Instead, courts should liberally apply the Rule to permit parties a fair opportunity to fully litigate all claims against all parties arising out of the facts giving rise to the claims asserted in the complaint without overly strict adherence to technical rules, assuring a fair and efficient judicial process.

Defendants would not be prejudiced by an amendment had the facts underlying the proposed amendment been related to the pending claims and the information supporting the existence of the claim been concealed by Defendants or a related party, as in fairness,

5

the Court should and would consider amendment of the scheduling order to assure a fair adjudication of the case. Nor would Defendants be prejudiced by the additional work amendment would prompt, as Plaintiff can file a separate lawsuit claiming defamation based on the March email necessitating the same discovery and trial preparation as would be required here. *Cf. AEP Energy Servs. Gas Holding Co. v. Bank of American N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010); *Aguilar v. Conn.*, No. 3:10-CV-1981 (VLB), 2013 WL 657648, at *8 (D. Conn. Feb. 22, 2013); S*.E.C. v. Norton*, 21 F. Supp. 2d 361, 363 (S.D.N.Y. 1998). However, those are not the facts here. The claims are simply unrelated and the Court therefore lacks subject matter jurisdiction over the proposed defamation claim.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 12, 2019